UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBA RIVERA and LAURA BOLIVAR ALZATE,<br><br>Plaintiffs,<br><br>-against-<br><br>TU CASA # 2 RESTAURANT CORP. (d/b/a TU CASA), WILLIAM ALBA SR., and WILLIAM ALBA JR.,<br><br>Defendants. | Case No. 17-CV-07518-JFB-ARL<br><br><br>**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendants Tu Casa #2 Restaurant Corp. d/b/a Tu Casa Restaurant ("Tu Casa"), William Alba Sr., and William Alba Jr. (collectively, "Defendants"), by and through their attorneys, Littler Mendelson, P.C., as and for their Answer to the First Amended Complaint ("Complaint") filed by Plaintiffs Alba Rivera ("Plaintiff Rivera") and Laura Bolivar Alzate ("Plaintiff Bolivar" collectively referred to with Plaintiff Rivera as "Plaintiffs"),  hereby respond as follows:

## NATURE OF ACTION

1.      Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiffs were employed by Tu Casa.

2.      Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit Defendants William Alba Jr. and William Alba Sr. are owners of Tu Casa.

3.      Defendants deny the allegations set forth in paragraph "3" of the Complaint, except admit that Defendants William Alba Jr. and William Alba Sr. are owners and officers of Tu Casa.

4.      Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiffs were employed by Tu Casa.

5.      Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiffs were employed by Tu Casa as servers.

6.      Defendants deny the allegations set forth in paragraph "6" of the Complaint.

7.      Defendants deny the allegations set forth in paragraph "7" of the Complaint.

8.      Defendants deny the allegations set forth in paragraph "8" of the Complaint.

9.      Defendants deny the allegations set forth in paragraph "9" of the Complaint, except admit that Plaintiffs were employed by Tu Casa as servers.

10.     Defendants deny the allegations set forth in paragraph "10" of the Complaint, except admit that Plaintiffs were compensated for all hours worked while employed by Tu Casa.

11.     Defendants deny the allegations set forth in paragraph "11" of the Complaint.

12.     Defendants deny the allegations set forth in paragraph "12" of the Complaint.

13.     Defendants deny the allegations set forth in paragraph "13" of the Complaint. Defendants further deny that this action is appropriately maintained as a collective action or that Plaintiffs are similarly situated to other employees of Tu Casa within the meaning of the Fair Labor Standards Act ("FLSA").

14.     Defendants deny the allegations set forth in paragraph "14" of the Complaint.

15.     Defendants deny the allegations set forth in paragraph "15" of the Complaint, except admit that Plaintiffs purport to assert and proceed under the claims referred to therein.

## JURISDICTION AND VENUE

16.     Defendants deny the allegations set forth in paragraph "16" of the Complaint, except admit that Plaintiffs seek to invoke the jurisdiction and supplemental jurisdiction of the Court under the statutes referred to therein.

17.     Paragraph "17" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "17" of the Complaint, except admit that venue is proper in this District as to Plaintiffs' Fair Labor Standards Act ("FLSA") claims, but deny that venue is proper in this District as to any of Plaintiffs' claims brought pursuant to New York state laws, rules, and/or regulations.

## PARTIES

*Plaintiffs*

18.     Defendants admit that Plaintiff Rivera is an adult who formerly worked for Tu Casa, but deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint that Plaintiff Rivera is a resident of Queens County.

19.     Defendants admit that Plaintiff Bolivar is an adult who formerly worked for Tu Casa, but deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint that Plaintiff Bolivar is a resident of Queens County.

*Defendants*

20.     Defendants deny the allegations set forth in paragraph "20" of the Complaint, except admit that Tu Casa is located at 30-10 Steinway Street, Astoria, New York, 11103 and owned by Defendants William Alba Jr. and William Alba Sr.

21.     Defendants admit the allegations set forth in paragraph "21" of the Complaint.

22.     Paragraph "22" of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the

allegations set forth in paragraph "22" of the Complaint, except admit that Plaintiffs purport to assert and proceed under the claims referred to therein and admit that Defendant William Alba Sr. does business within this judicial district.

23.     Defendants deny the allegations set forth in paragraph "23" of the Complaint, except admit that Defendant William Alba Jr. is an owner of Tu Casa and has participated in its operations.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.     Defendants deny the allegations set forth in paragraph "24" of the Complaint, except admit that Tu Casa is located at 30-10 Steinway Street, Astoria, New York, 11103 and Defendants William Alba Jr. and William Alba Sr. are owners of Tu Casa and have participated in its operations.

25.     Defendants deny the allegations set forth in paragraph "25" of the Complaint, except admit that Defendants William Alba Jr. and William Alba Sr. are owners of Tu Casa and have participated in its operations.

26.     Paragraph "26" of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27.     Defendants deny the allegations set forth in paragraph "27" of the Complaint, except admit that Defendants William Alba Jr. and William Alba Sr. are owners of Tu Casa and have participated in its operations.

28.     Paragraph "28" of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations set forth in paragraph "28" of the Complaint.

29.     Paragraph "29" of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations set forth in paragraph "29" of the Complaint.

30.     Paragraph "30" of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations and all subparts (a) to (h) set forth in paragraph "30" of the Complaint.

31.     Paragraph "31" of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations set forth in paragraph "31" of the Complaint, except admit that Defendant William Alba Jr. had the capacity to establish Plaintiffs' wages.

32.     Defendants deny the allegations set forth in paragraph "32" of the Complaint, except admit that Tu Casa's gross annual volume of sales was not less than $500,000 for the past three (3) years.

33.     Paragraph "33" of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations set forth in paragraph "33" of the Complaint, except admit that Tu Casa is engaged and continues to engage in commerce by selling and/or providing foods and/or services to its customers.

*Individual Plaintiffs*

34.     Defendants deny the allegations set forth in paragraph "35" of the Complaint, except admit that Plaintiffs were employed by Tu Casa as a server.

*Plaintiff Alba Rivera*

35.     Defendants deny the allegations set forth in paragraph "35" of the Complaint, except admit that Plaintiff Rivera was employed by Tu Casa from at least on or about January 2013 until on or about August 2017.

36.     Defendants deny the allegations set forth in paragraph "36" of the Complaint, except admit that Plaintiff Rivera was employed by Tu Casa as a server.

37.     Defendants deny the allegations set forth in paragraph "37" of the Complaint.

38.     Defendants deny the allegations set forth in paragraph "38" of the Complaint.

39.     Paragraph "39" of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations set forth in paragraph "39" of the Complaint.

40.     Defendants deny the allegations set forth in paragraph "40" of the Complaint.

41.     Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42.     Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43.     Defendants deny the allegations set forth in paragraph "43" of the Complaint.

44.     Defendants deny the allegations set forth in paragraph "44" of the Complaint.

45.     Defendants deny the allegations set forth in paragraph "45" of the Complaint.

46.     Defendants deny the allegations set forth in paragraph "46" of the Complaint, except admit that during the time period of at least January 2013 until June 2014 Plaintiff Rivera

was compensated for all hours worked, which included wages by check in addition to cash gratuities.

47.     Defendants deny the allegations set forth in paragraph "47" of the Complaint, except admit that during the time period of June 2014 until August 2017 Plaintiff Rivera was compensated for all hours worked, which included wages by check in addition to cash gratuities.

48.     Defendants deny the allegations set forth in paragraph "48" of the Complaint.

49.     Defendants deny the allegations set forth in paragraph "49" of the Complaint.

50.     Defendants deny the allegations set forth in paragraph "50" of the Complaint.

51.     Defendants deny the allegations set forth in paragraph "51" of the Complaint.

52.     Defendants deny the allegations set forth in paragraph "52" of the Complaint.

53.     Defendants deny the allegations set forth in paragraph "53" of the Complaint.

54.     Defendants deny the allegations set forth in paragraph "54" of the Complaint.

55.     Defendants deny the allegations set forth in paragraph "55" of the Complaint.

56.     Defendants deny the allegations set forth in paragraph "56" of the Complaint.

57.     Defendants deny the allegations set forth in paragraph "57" of the Complaint.

58.     Defendants deny the allegations set forth in paragraph "58" of the Complaint.

59.     Defendants deny the allegations set forth in paragraph "59" of the Complaint.

60.     Defendants deny the allegations set forth in paragraph "60" of the Complaint.

61.     Defendants deny the allegations set forth in paragraph "61" of the Complaint.

62.     Defendants deny the allegations set forth in paragraph "62" of the Complaint.

63.     Defendants deny the allegations set forth in paragraph "63" of the Complaint.

*Plaintiff Laura Bolivar Alzate*

64.     Defendants deny the allegations set forth in paragraph "64" of the Complaint, except admit that Plaintiff Bolivar was employed by Tu Casa from approximately November 2013 until on or about October 2017.

65.     Defendants deny the allegations set forth in paragraph "65" of the Complaint, except admit that Plaintiff Bolivar was employed by Tu Casa as a server.

66.     Defendants deny the allegations set forth in paragraph "66" of the Complaint.

67.     Defendants deny the allegations set forth in paragraph "67" of the Complaint.

68.     Paragraph "68" of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations set forth in paragraph "68" of the Complaint.

69.     Defendants deny the allegations set forth in paragraph "69" of the Complaint.

70.     Defendants deny the allegations set forth in paragraph "70" of the Complaint.

71.     Defendants deny the allegations set forth in paragraph "71" of the Complaint.

72.     Defendants deny the allegations set forth in paragraph "72" of the Complaint.

73.     Defendants deny the allegations set forth in paragraph "73" of the Complaint.

74.     Defendants deny the allegations set forth in paragraph "74" of the Complaint.

75.     Defendants deny the allegations set forth in paragraph "75" of the Complaint, except admit that during the time period of November 2013 until July 2015 Plaintiff Bolivar was compensated for all hours worked, which included wages in check in addition to cash gratuities.

76.     Defendants deny the allegations set forth in paragraph "76" of the Complaint, except admit that during the time period of August 2015 until April 2017 Plaintiff Bolivar was compensated for all hours worked, which included wages by check in addition to cash gratuities.

77.     Defendants deny the allegations set forth in paragraph "77" of the Complaint, except admit that during the time period of April 2017 through the end of her employment in or around October 2017 Plaintiff Bolivar was compensated for all hours worked, which included wages by check in addition to cash gratuities.

78.     Defendants deny the allegations set forth in paragraph "78" of the Complaint.

79.     Defendants deny the allegations set forth in paragraph "79" of the Complaint.

80.     Defendants deny the allegations set forth in paragraph "80" of the Complaint.

81.     Defendants deny the allegations set forth in paragraph "81" of the Complaint.

82.     Defendants deny the allegations set forth in paragraph "82" of the Complaint.

83.     Defendants deny the allegations set forth in paragraph "83" of the Complaint.

84.     Defendants deny the allegations set forth in paragraph "84" of the Complaint.

85.     Defendants deny the allegations set forth in paragraph "85" of the Complaint.

86.     Defendants deny the allegations set forth in paragraph "86" of the Complaint.

87.     Defendants deny the allegations set forth in paragraph "87" of the Complaint.

88.     Defendants deny the allegations set forth in paragraph "88" of the Complaint.

89.     Defendants deny the allegations set forth in paragraph "89" of the Complaint.

90.     Defendants deny the allegations set forth in paragraph "90" of the Complaint.

91.     Defendants deny the allegations set forth in paragraph "91" of the Complaint.

92.     Defendants deny the allegations set forth in paragraph "92" of the Complaint.

93.     Defendants deny the allegations set forth in paragraph "93" of the Complaint.

94.     Defendants deny the allegations set forth in paragraph "94" of the Complaint.

*Defendants' General Employment Practices*

95.     Defendants deny the allegations set forth in paragraph "95" of the Complaint, except admit that Plaintiffs were compensated for all hours worked while employed by Tu Casa.

96.     Defendants deny the allegations set forth in paragraph "96" of the Complaint, except admit that Plaintiffs were compensated for all hours worked while employed by Tu Casa.

97.     Defendants deny the allegations set forth in paragraph "97" of the Complaint.

98.     Defendants deny the allegations set forth in paragraph "98" of the Complaint.

99.     Paragraph "99" of the Complaint sets forth conclusions of law to which no response is necessary.   To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "99" of the Complaint.

100.     Defendants deny the allegations set forth in paragraph "100" of the Complaint.

101.     Defendants deny the allegations set forth in paragraph "101" of the Complaint. Defendants further deny that this action is appropriately maintained as a collective action or that Plaintiffs are similarly situated to other employees of Tu Casa within the meaning of the FLSA.

102.     Defendants deny the allegations set forth in paragraph "102" of the Complaint, except admit that Plaintiffs were paid at a "tip-credit" rate.

103.     Paragraph "103" of the Complaint sets forth conclusions of law to which no response is necessary.   To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "103" of the Complaint.

104.     Paragraph "104" of the Complaint sets forth conclusions of law to which no response is necessary.   To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "104" of the Complaint.

105.    Paragraph "105" of the Complaint sets forth conclusions of law to which no response is necessary.   To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "105" of the Complaint.

106.    Paragraph "106" of the Complaint sets forth conclusions of law to which no response is necessary.   To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "106" of the Complaint.

107.    Defendants deny the allegations set forth in paragraph "107" of the Complaint.

108.    Defendants deny the allegations set forth in paragraph "108" of the Complaint.

109.    Defendants deny the allegations set forth in paragraph "109" of the Complaint.

110.    Defendants admit the allegations set forth in paragraph "110" of the Complaint.

111.    Defendants deny the allegations set forth in paragraph "111" of the Complaint.

112.    Defendants deny the allegations set forth in paragraph "112" of the Complaint.

113.    Paragraph "113" of the Complaint sets forth conclusions of law to which no response is necessary.   To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "113" of the Complaint.

114.    Paragraph "114" of the Complaint sets forth conclusions of law to which no response is necessary.   To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "114" of the Complaint.

115.    Defendants deny the allegations set forth in paragraph "115" of the Complaint.

116.    Defendants deny the allegations set forth in paragraph "116" of the Complaint.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

117.   In response to the allegations set forth in paragraph "117" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "116" of the Complaint as if each were fully set forth herein.

118.   Paragraph "118" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "118" of the Complaint, except admit that Plaintiffs were employed by Tu Casa and Defendants William Alba Jr. and William Alba Sr. have participated in the operations of Tu Casa.

119.   Paragraph "119" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "119" of the Complaint, except admit that Tu Casa is engaged and continues to engage in commerce by selling and/or providing food and/or services to their customers.

120.   Paragraph "120" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "120" of the Complaint.

121.   Paragraph "121" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "121" of the Complaint, except admit that Plaintiffs were compensated for all hours worked while employed by Tu Casa.

122.     Paragraph "122" of the Complaint sets forth conclusions of law to which no response is necessary.   To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "122" of the Complaint.

123.     Defendants deny the allegations set forth in paragraph "123" of the Complaint.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

124.     In response to the allegations set forth in paragraph "124" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "123" of the Complaint as if each were fully set forth herein.

125.     Paragraph "125" of the Complaint sets forth conclusions of law to which no response is necessary.   To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "125" of the Complaint, except admit that Plaintiffs were compensated for all hours worked while employed by Tu Casa.

126.     Paragraph "126" of the Complaint sets forth conclusions of law to which no response is necessary.   To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "126" of the Complaint, except admit that Plaintiffs were compensated for all hours worked while employed by Tu Casa.

127.     Defendants deny the allegations set forth in paragraph "127" of the Complaint.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

128.     In response to the allegations set forth in paragraph "128" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "127" of the Complaint as if each were fully set forth herein.

129.    Paragraph "129" of the Complaint sets forth conclusions of law to which no response is necessary.   To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "129" of the Complaint, except admit that Plaintiffs were employed by Tu Casa and Defendants William Alba Jr. and William Alba Sr. have participated in the operations of Tu Casa.

130.    Defendants deny the allegations set forth in paragraph "130" of the Complaint.

131.    Paragraph "131" of the Complaint sets forth conclusions of law to which no response is necessary.   To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "131" of the Complaint.

132.    Defendants deny the allegations set forth in paragraph "132" of the Complaint and further deny that any relief is due and owing.

### FOURTH CAUSE OF ACTION

**VIOLATION OF THE OVERTIME PROVISIONS
OF THE NEW YORK STATE LABOR LAW**

133.    In response to the allegations set forth in paragraph "133" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "132" of the Complaint as if each were fully set forth herein.

134.    Paragraph "134" of the Complaint sets forth conclusions of law to which no response is necessary.   To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "134" of the Complaint, except admit that Plaintiffs were compensated for all hours worked while employed by Tu Casa.

135.    Paragraph "135" of the Complaint sets forth conclusions of law to which no response is necessary.   To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "135" of the Complaint.

136.     Defendants deny the allegations set forth in paragraph "136" of the Complaint and further deny that any relief is due and owing.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

137.     In response to the allegations set forth in paragraph "137" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "136" of the Complaint as if each were fully set forth herein.

138.     Paragraph "138" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "138" of the Complaint, except admit that Plaintiffs were compensated for all hours worked while employed by Tu Casa.

139.     Paragraph "139" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "139 of the Complaint, except admit that Plaintiffs were compensated for all hours worked while employed by Tu Casa.

140.     Defendants deny the allegations set forth in paragraph "140" of the Complaint and further deny that any relief is due and owing.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

141.     In response to the allegations set forth in paragraph "141" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "140" of the Complaint as if each were fully set forth herein.

142.   Paragraph "142" of the Complaint sets forth conclusions of law to which no response is necessary.   To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "142" of the Complaint, except admit that Plaintiffs were notified of their rate of pay and regular pay day.

143.   Defendants deny the allegations set forth in paragraph "143" of the Complaint and further deny that any relief is due and owing.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

144.   In response to the allegations set forth in paragraph "144" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "143" of the Complaint as if each were fully set forth herein.

145.   Paragraph "145" of the Complaint sets forth conclusions of law to which no response is necessary.   To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "145" of the Complaint, except admit that Plaintiffs were notified of their rate of pay and wages for each week they were employed by Tu Casa.

146.   Defendants deny the allegations set forth in paragraph "146" of the Complaint and further deny that any relief is due and owing.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS
### IN VIOLATION OF THE NYLL

152.    In response to the allegations set forth in paragraph "152" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "146" of the Complaint as if each were fully set forth herein.[1]

153.    Paragraph "153" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "153" of the Complaint, except admit that Plaintiffs were employed by Tu Casa and Defendants William Alba Jr. and William Alba Sr. have participated in the operations of Tu Casa.

154.    Paragraph "154" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "154" of the Complaint and respectfully refer the Court to the cited provision of the New York Labor Law ("NYLL").

155.    Defendants deny the allegations set forth in paragraph "155" of the Complaint.

156.    Defendants deny the allegations set forth in paragraph "156" of the Complaint.

157.    Defendants deny the allegations set forth in paragraph "157" of the Complaint.

158.    Defendants deny the allegations set forth in paragraph "158" of the Complaint and further deny that any relief is due and owing.

---

[1] Plaintiffs' Complaint is erroneously numbered—*i.e.*, paragraph "147" is followed by paragraph "152".  For ease of reference, Defendants respond herein based on the erroneously numbered paragraphs contained in Plaintiffs' Complaint.

## NINTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

159.    In response to the allegations set forth in paragraph "159" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "158" of the Complaint as if each were fully set forth herein.

160.    Paragraph "160" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "160" of the Complaint.

161.    Defendants deny the allegations set forth in paragraph "161" of the Complaint and further deny that any relief is due and owing.

### AS TO THE PRAYER FOR RELIEF

Defendants deny that Plaintiffs or the purported collective action members are entitled to a judgment or any of the relief set forth in the "Prayer for Relief" and the "Wherefore" clause of the Complaint, including all subparagraphs (a) through (s) thereto.

### AS TO JURY DEMAND

Defendants state that the demand for a trial by jury asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny Plaintiffs have a right to a trial by jury.

### GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted herein.

### AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses.  Nothing stated in any of the following defenses

constitutes a concession that Defendants bear any burden of proof on any issue on which they would not otherwise bear such burden.

1.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.     The claims of Plaintiffs are barred, in whole or in part, by the doctrines of accord and satisfaction, waiver, laches, estoppel, consent, unclean hands, comparative fault, contributory fault, and/or the applicable statute of limitations.

3.     Defendants William Alba Jr. and William Alba Sr. are not proper Defendants in this action because they were not, and are not, Plaintiffs' "employer" within the scope of the FLSA or NYLL.

4.     Plaintiffs' claims are barred, in whole or in part, because Defendants at all times acted in good faith to comply with the FLSA and NYLL, and had reasonable grounds for believing they were in compliance with the FLSA and NYLL.  Defendants assert a lack of willfulness or intent to violate the FLSA and NYLL as a defense to any claim for liquidated damages made by Plaintiffs.

5.     Plaintiffs' claims are barred, in whole or in part, because Defendants relied upon and acted in good faith and in conformity with, written administrative regulations, orders, rulings, approvals, and/or interpretations of the United States Department of Labor, and/or any written and unwritten administrative practices or enforcement policies of the United States Department of Labor, within the meaning of the FLSA, 29 U.S.C. § 259, and/or New York State Department of Labor.

6.     Plaintiffs are not entitled to any equitable relief because they have an adequate remedy at law.

7.    This Court should not exercise supplemental jurisdiction over the causes of action in the Complaint that purport to arise under the NYLL.

8.    Plaintiffs' claims are barred, in whole or in part, because, to the extent any violations are established, they constitute *de minimis* violations.

9.    Plaintiffs' claims are barred to the extent that Plaintiffs lack standing to bring them.

10.   All decisions made with respect to Plaintiffs and all actions taken with respect to their employment were/are made without malice, ill will, fraud, oppression, or any other improper motive.

11.   To the extent Plaintiffs seek punitive damages, such claims are in contravention of constitutional safeguards provided under the Constitution of the United States of America and the corresponding state constitutional provisions.

12.   Plaintiffs' claim for damages must be dismissed to the extent that they have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, or to the extent that they have been mitigated.

13.   If Plaintiffs succeed in establishing any violation under the FLSA and/or NYLL, and to the extent any sums are found due and owing, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above their wages and/or beyond the time period compensable under the FLSA and/or NYLL.

14.     Even if Defendants have, in fact, failed to pay Plaintiffs for any of the activities alleged in the Complaint (which they have not), such activities were preliminary or postliminary to principal activities or do not constitute compensable work under the FLSA or NYLL, and, furthermore, such activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

15.     Plaintiffs' FLSA claims pertaining to alleged unpaid work time for non-overtime hours fails in any workweek in which their total compensation for the week exceeds the minimum wage for all non-overtime hours worked that week.

16.     At all times, Defendants made complete and timely payments of all wages due to Plaintiffs under Article 6 or Article 19 or Article 19-A of the NYLL or under the FLSA.

17.     At all times, Defendants reasonably believed in good faith that they provided Plaintiffs with adequate notice of wage information pursuant to New York Labor Law § 195(1).

18.     To the extent discovery reveals that Plaintiffs falsely reported their hours or tips, and there is no evidence their employer knew or should have known that they were providing false information regarding their hours, Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by Plaintiffs.

19.     To the extent Plaintiffs assert NYLL minimum wage claims that accrued prior to December 27, 2011, such claims are barred, in whole or in part, by Defendants' compliance with the spread of hours requirements and/or tip allowance requirements applicable to service workers and/or food service workers pursuant to 12 N.Y.C.R.R. §§ 137-1.1, et seq. (2010).

20.     Plaintiffs are not entitled to declaratory or injunctive relief.

21.     Plaintiffs are not entitled to pre-judgment or post-judgment interest.

22.     Plaintiffs' claims are barred, in whole or in part, to the extent that the work she/they performed falls within exemptions, exceptions, or exclusions provided under the FLSA, 29 U.S.C. § 201, *et seq.*, and NYLL, or, alternatively, should be reduced by any credits, recoupments or offsets provided under the FLSA and NYLL.

23.     To the extent Plaintiffs seek a trial by jury, Defendants assert that whether and to what extent Plaintiffs are entitled a trial by jury must be determined by the Court.

24.     In addition to the foregoing defenses, Defendants reserve the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action or to pursue any available counterclaims against Plaintiffs as those claims become known during this litigation.

**WHEREFORE**, Defendants deny that Plaintiffs are entitled to judgment in any amount whatsoever, and respectfully submit that the entire Complaint should be dismissed in its entirety on the merits and with prejudice, and that Defendants be awarded their costs incurred in defending this lawsuit, including their reasonable attorneys' fees, as well as such other legal and equitable relief as the Court deems just and proper.

Date:   September 26, 2018
        Melville, New York

/s/ *William H. Ng*
_____

William H. Ng
Paul R. Piccigallo
LITTLER MENDELSON, P.C.
290 Broadhollow Road
Suite 305
Melville, NY  11747
631.247.4700
wng@littler.com
ppiccigallo@littler.com

*Attorneys for Defendants*
*Tu Casa # 2 Restaurant Corp. d/b/a Tu Casa,*
*William Alba Sr. and William Alba Jr.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of September, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the docket via transmissions of Notices of Electronic Filing generated by CM/ECF.


/s/ *Paul R. Piccigallo*

Paul R. Piccigallo